UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>       v.<br><br>SHANE DONOVAN MOORE,<br><br>                    Defendant. | CASE NO. 2:24-cr-00014-TL<br><br>ORDER ON REQUEST TO EXPEDITE BRIEFING SCHEDULE |

This matter is before the Court on Defendant Shane Donovan Moore's request to expedite the briefing schedule regarding his pending Motion to Modify Release Conditions. Dkt. No. 18. Being fully advised on the issue, the Court DENIES the request for expedited briefing.

On February 29, 2024, Shane Moore made his initial appearance in this District for this matter. Dkt. No. 8. The Government did not move for detention but requested release with conditions. Dkt. No. 18 at 2. The same day, prior to his appearance, Mr. Moore filed a motion for release arguing that the Court was legally required to release Mr. Moore on his own recognizance per the Bail Reform Act. Dkt. No. 6 at 2–3 (citing 18 U.S.C. § 3142(f)). At the hearing, United States Magistrate Judge Michelle L. Peterson considered Mr. Moore's motion and released Mr. Moore on bond with certain conditions. Dkt. No. 10. On March 4, 2024, Mr.

Moore appeared for arraignment. Dkt. No. 16. On March 7, 2024, he filed the instant motion challenging Judge Peterson's decision to impose bond conditions and requesting the Court expedite the noting date and rule on the substance of his motion the following day, March 8, 2024. Dkt. No. 18 at 1.

Local Criminal Rule 12(b)(6) requires noting 12 days after filing "[u]nless otherwise authorized by the court." Mr. Moore's motion for review of Judge Peterson's order is filed pursuant to 18 U.S.C. § 3145(a)(2), which requires that motions to amend release order conditions "be determined promptly." Mr. Moore argues, without support or clarification, that the 12-day noting period for his motion would be insufficiently prompt. Dkt. No. 18 at 1. The only potential reason for the extremely quick turnaround requested is that Mr. Moore has a status hearing scheduled before Judge Peterson on Monday, March 11. However, while Judge Pederson's Order was entered on February 29 (Dkt. No. 8), Mr. Moore did not move for review until March 7. Mr. Moore provides no explanation for this delay yet argues without authority that any additional delay in considering the substance of his motion would violate the statutory promptness requirement. The Court disagrees, especially since this appears to be a self-created "emergency" where Mr. Moore is not in custody and the only potential prejudice is that he must appear at a status hearing.

The Court therefore DENIES Mr. Moore's request to expedite the briefing schedule for his motion. Mr. Moore's Motion to Modify Release Conditions (Dkt. No. 18) SHALL remain noted for March 19, 2024, pursuant to LCR 12(b)(6), and the briefing schedule SHALL proceed accordingly.

Dated this 8th day of March 2024.

Tana Lin
United States District Judge