UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>SHANE DONOVAN MOORE,<br><br>　　　　　　　　Defendant. | CASE NO. 2:24-cr-00014-TL<br><br>ORDER ON MOTION TO MODIFY RELEASE CONDITIONS |

This matter is before the Court on Defendant Shane Donovan Moore's Motion to Modify Release Conditions. Dkt. No. 18. Being fully advised on the issue, the Court DENIES the motion.

## I.   BACKGROUND

On February 29, 2024, Mr. Moore made his initial appearance before United States Magistrate Judge Michelle L. Peterson. Dkt. No. 8. The Government did not move for detention but requested release with conditions. Dkt. No. 18 at 2. The same day, prior to his appearance, Mr. Moore filed a motion for release arguing that the Court was legally required to release Mr. Moore on his own recognizance. Dkt. No. 6 at 2–3 (citing 18 U.S.C. § 3142(f)). At the

hearing, Judge Peterson considered Mr. Moore's motion and released Mr. Moore on a bond with conditions. Dkt. No. 10. On March 4, Mr. Moore appeared for arraignment. Dkt. No. 16. On March 7, he filed the instant motion challenging Judge Peterson's decision to impose bond conditions and requesting the Court expedite the noting date and rule on the substance of his motion the following day. Dkt. No. 18 at 1. The Court denied Mr. Moore's request for expedited consideration of his motion. Dkt. No. 20. On March 11, at a bond status hearing, Judge Peterson amended Mr. Moore's bond, but continued to impose conditions. Dkt. Nos. 21–22. The Government then filed its response brief to Mr. Moore's motion to modify the conditions (Dkt. No. 23), and Mr. Moore filed a reply (Dkt. No. 24).

## II.   LEGAL STANDARD

A pretrial criminal defendant ordered released with conditions may file a motion to modify the conditions imposed. 18 U.S.C. § 3145(a)(2); *see also* 18 U.S.C. § 3142(c)(3). Under § 3145, the Court reviews a conditional release order *de novo*. *See United States v. Koenig*, 912 F.2d 1190, 1191–93 (9th Cir. 1990). Here, Mr. Moore notes that he is raising only "one legal and no factual issues." Dkt. No. 18 at 1. As such, the Court need not question the factual basis for Judge Peterson's imposition of conditions and need only address Mr. Moore's legal argument.

## III.   DISCUSSION

Mr. Moore's motion is predicated on a legal interpretation of a provision of the Bail Reform Act ("the Act"), specifically 18 U.S.C. § 3142, that would require all criminal defendants to be released on their own recognizance in all cases unless they are eligible for a detention hearing pursuant to the relevant subsections of the provision addressing pretrial detention orders. *See* Dkt. No. 18 at 2–4; Dkt. No. 24 at 1–3. Such an interpretation is unsupported by a plain reading of the provision in question.

By its plain language, the Act authorizes the district court "upon the appearance before a judicial officer of a person charged with an offense" to enter an order imposing one of four options regarding potential restraints on the defendant's liberty while awaiting trial (ranging from least to most restrictive):

(1) release on personal recognizance or an unsecured appearance bond, referring specifically to subsection (b) of the provision;

(2) release on conditions, referring specifically to subsection (c);

(3) temporary detention under special circumstances not at issue in this case, referring specifically to subsection (d); and

(4) detention, referring specifically to subsection (e). 18 U.S.C. § 3142(a)(1)–(4).

The four referenced subsections immediately follow § 3142(a) and are titled:

§ 3142(b)  Release on Personal Recognizance or Unsecured Appearance Bond;

§ 3142(c)  Release on Conditions;

§ 3142(d)  Temporary Detention To Permit Revocation of Conditional Release, Deportation, or Exclusion; and

§ 3142(e)  Detention.

At his initial appearance—an "appearance before a judicial officer"—Judge Peterson ordered Mr. Moore released with conditions pursuant to subsection (c), which is consistent with the plain language of the Act.

The statutory framework supports the conclusion that Judge Peterson's conditional release order was legally appropriate. Section 3142(a) sets out the four available options as noted above, and the following subsections parallel those options down to their respective titles, setting out the necessary considerations for imposing each, again in order from least to most restrictive. *See id.* § 3142(b)–(f). Thus, subsection (b) provides guidance for releasing a defendant on

ORDER ON MOTION TO MODIFY RELEASE CONDITIONS - 3

personal recognizance or on an unsecured appearance bond with limited conditions per § 3142(a)(1), subsection (c) provides guidance for releasing a defendant on conditions per § 3142(a)(2), subsection (d) provides guidance for temporary detention per § 3142(a)(3), and subsection (e) provides guidance for detention per § 3142(a)(4). *Id.* While "[h]eadings and titles are not meant to take the place of the detailed provisions of the text," *see NLRB v. Fresh & Easy*, 805 F.3d 1155, 1160 (9th Cir. 2015) (internal quotation marks omitted) (quoting *Bhd. of R. R. Trainmen v. Baltimore & O. R. Co.*, 331 U.S. 519 (1947)), here, the headings are consistent with the text of the provisions.

The Court rejects the interpretation Mr. Moore advocates, which would limit the Court to either releasing every defendant on personal recognizance or holding a full detention hearing to determine which of the other available options to impose. *See* Dkt. No. 18 at 2–4; Dkt. No. 24 at 1–3. The framework of the Act indicates an approach to assessing the four options that progresses from least to most restrictive, with a presumption in favor of release with as few conditions as necessary and an escalation of requirements and limitations for imposing each more restrictive option. *See* 18 U.S.C. § 3142(b) (requiring that a judicial officer "shall" order pretrial release on personal recognizance or unsecured bond "unless" release will not reasonably assure appearance or safety). For example, in subsection (c), the Act provides guidance for when a more restrictive conditional release order is appropriate, expressly indicating that such a determination can only be made if "the release described in subsection (b) . . . will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." In other words, the framework reinforces the proposition that an order under subsection (c) is only appropriate if the judicial officer has already made an unfavorable determination under (b).

Similarly, subsections (e) and (f) both reinforce the proposition that detention can only be ordered if "no condition or combination of conditions" are appropriate per subsection (c). Mr. Moore points to the fact that subsection (c) is directly referenced in the wording for subsection (f) regarding detention hearings, which in turn is only referenced in subsection (e). Dkt. No. 24 at 3. He argues that this cross-referencing scheme means the subsection (c) factors can only be considered at a detention hearing authorized pursuant to subsection (f). *Id.* But both subsections (e) and (f) mirror language from subsection (c)—similar to the way subsection (c) mirrors language from subsection (b)—emphasizing the necessary determination that no set of conditions would be sufficient to warrant conditional release before detention can be ordered. *See* 18 U.S.C. § 3142(c), (e)–(f) (referring to the required consideration of the assuring appearance and community safety factors). Contrary to Mr. Moore's arguments, the Court finds that this language mirroring reinforces the interpretation that the Act contemplates a progressive approach to the application of the pretrial release or detention options.

Therefore, subsections (e) and (f) come into play only if the Court is considering pretrial detention. Mr. Moore's interpretation ignores the fact that only "§ 3142(e), which governs the procedures for issuing a detention order, explicitly requires a detention hearing to be held 'pursuant to the provisions of [§ 3142(f)].'" *United States v. Fidler*, 419 F.3d 1026, 1028 (9th Cir. 2005). Per subsection (e), the option of imposing detention can only be determined "after a hearing pursuant to the provisions of subsection (f)," which sets out the limited circumstances under which such a hearing would be procedurally appropriate. *See* 18 U.S.C. § 3142(e)–(f); *see also United States v. Subil*, No. CR23-30, 2023 WL 3866709, at *3 (W.D. Wash. June 7, 2023). Mr. Moore further ignores that subsection (f) sets forth the two specific conditions under which a detention hearing is required: "(1) *upon motion of the attorney for the Government*, in a case that involves" certain enumerated crimes, 18 U.S.C. § 3142(f)(1) (emphasis added); or "(2) *upon*

*motion of the attorney for the Government or upon the judicial officer's own motion*, in a case that involves-- []a serious risk that such person will flee; or . . . obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." *Id.* § 3142(f)(2) (emphasis added). Nothing in the statutory language or framework indicates that the subsection (c) factors can *only* be considered at a subsection (f) detention hearing, as advocated by Mr. Moore. To the contrary, the Ninth Circuit has observed that "Section 3142(c), which governs the procedures for issuing a release order, does not direct that a full hearing following the guidelines set out in § 3142(f) be held either before or after the release order is issued." *Fidler*, 419 F.3d at 1028.

Here, there is no dispute that Mr. Moore was never considered for detention. The Government never moved for detention under § 3142(f)(1) or (2). Dkt. No. 23 at 2 (noting that the Government never sought pretrial detention); Dkt. No. 18 at 2 (same). Thus, subsection (f) was never triggered and is legally irrelevant to Mr. Moore's situation. Mr. Moore's statutory interpretation argument therefore fails as a matter of law.

## IV.   CONCLUSION

Accordingly, the Court DENIES Mr. Moore's Motion to Modify Release Conditions. Dkt. No. 18.

Dated this 20th day of March 2024.

Tana Lin
United States District Judge