1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

UNITED STATES OF AMERICA,

9

Plaintiff,

10

v.

11

SHANE DONOVAN MOORE,

12

Defendant.

Case No. CR24-14-TL

ORDER REVOKING BOND AND
DETENTION ORDER

13
14
15

On February 29, 2024, Defendant Shane Donovan Moore appeared for an initial

16

appearance and detention hearing before the undersigned United States Magistrate Judge after

17

which Mr. Moore was released on an appearance bond. The bond included a standard condition

18

that he not violate any laws and special conditions that he comply with the Pretrial Services

19

computer monitoring program, have no contact with witnesses, not have access to any digital

20

device capable of accessing the internet without prior approval of Pretrial Services, and notify

21

his employer of the pending charges.

22

On April 3, 2024, Probation and Pretrial Services filed a Violation Report and Petition for

23

Summons, alleging that Mr. Moore violated the terms and conditions of his bond as follows:

ORDER REVOKING BOND AND DETENTION
ORDER - 1

(1)     The defendant violated the special condition prohibiting contact with witnesses by contacting a witness (B.V.) on or about March 13, 2024.

(2)     The defendant violated the special condition requiring his cellphone and personal computer be monitored by failing to contact the computer monitoring company to schedule installation since on or about March 20, 2024.

(3)     The defendant violated the special condition requiring him to notify current and future employers of pending charges by failing to provide pretrial services officer with contact information for the employer to verify compliance since on or about March 15, 2024.

On April 15, 2024, Mr. Moore made his appearance at a bond revocation hearing before the undersigned. He was advised of his rights in connection with the Violation Report. He was advised of the bond violation allegations. The government withdrew allegations (2) and (3). Mr. Moore admitted to violation (1). Mr. Moore was permitted to remain on bond under the same conditions.

On July 16, 2024, Probation and Pretrial Services filed a Violation Report and Petition for Summons, alleging that Mr. Moore violated the terms and conditions of his bond as follows:

(1)     The defendant violated a standard condition of no new law violations by driving with a suspended license, third degree, on or about July 15, 2024.

On July 30, 2024, Probation and Pretrial Services filed a Report of Supplemental Violations, alleging that Mr. Moore violated the terms and conditions of his bond as follows:

(2)     The defendant violated a special condition of his appearance bond that he provide Pretrial Services with any requested information by failing to provide requested documents to verify his employment since on or about July 12, 2024.

(3)     The defendant violated a special condition of his appearance bond by failing to pay for monitoring to include the installation, at the defendant's expense, of hardware or software systems that allow evaluation of his/her computer use, by failing to pay RemoteCom and having his account terminated on July 29, 2024.

On August 7, 2024, Mr. Moore made his appearance at a bond revocation hearing before the undersigned. He was advised of his rights in connection with the Violation Report and Report of Supplemental Violations. He was advised of the bond violation allegations. Mr. Moore denied all alleged violations. Mr. Moore's bond was amended with a special condition that he was restricted to his residence except for employment, religious services, medical or legal reasons, or as approved by the location monitoring specialist. A bond revocation hearing was set for August 20, 2024.

On August 20, 2024, Mr. Moore made his appearance at the bond revocation evidentiary hearing. Mr. Moore admitted violations (1) to (3). Bond conditions were not modified at that time and a status hearing was set for September 6, 2024, later rescheduled to September 9, 2024.

On September 9, 2024, Mr. Moore made his appearance at the bond status hearing. Bond conditions were not modified at that time.

On March 5, 2025, Probation and Pretrial Services filed a Violation Report and Petition for Warrant, alleging that Mr. Moore violated the terms and conditions of his bond as follows:

(1)     The defendant violated a general condition that he notify the probation officer within one business day of any change of employment by failing to notify his probation officer of a change in employment since on or about January 16, 2025.

(2)     The defendant violated a special condition of his appearance bond by failing to pay for monitoring to include the installation, at the defendant's expense, of

hardware or software systems that allow evaluation of his computer use, by

failing to pay RemoteCom and having his account terminated December 27, 2024.

(3)    The defendant violated the special condition requiring he comply with the

location monitoring program by leaving his residence without prior approval on

or about February 22, 2025.

On March 10, 2025, Mr. Moore made an appearance at a bond revocation hearing before the undersigned. He was advised of his rights in connection with the Violation Report. He was advised of the alleged violations. Mr. Moore denied all allegations. The Court set a bond revocation hearing for March 21, 2025, and ordered Mr. Moore detained pending the hearing.

On March 21, 2025, Mr. Moore made an appearance at the bond revocation hearing before the undersigned. He admitted violations (1) and (2). The government withdrew violation (3). The Court heard testimony from Tony King, Mr. Moore's former employer, and Officer Ben Beetham.

Pursuant to 18 U.S.C. § 3148, and based upon the factual findings and statement of reasons for detention stated on the record and hereafter set forth, the Court finds:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1)    On February 29, 2024, Mr. Moore was released on bond with pretrial supervision and special conditions. These conditions included general restriction that he not violate any laws and special conditions that he comply with the Pretrial Services computer monitoring program, have no contact with witnesses, not have access to any digital device capable of accessing the internet without prior approval of Pretrial Services, and notify his employer of the pending charges.

ORDER REVOKING BOND AND DETENTION
ORDER - 4

(2)    Mr. Moore admitted to failing to abide by the terms of his bond, as set forth in the bond violation allegations (1) and (2) above. There is clear and convincing evidence that he violated the terms of his appearance bond.

(3)    There does not appear to be any condition or combination of conditions that will reasonably assure that Mr. Moore is not a financial danger to the community given Mr. Moore's admission that he possessed an unmonitored iPhone and failed to pay for the monitoring of his approved cellular phone.

(4)    Given Mr. Moore's history of noncompliance and the seriousness of the current violations, when considered in light of the financial crimes alleged in the Indictment, the Court finds that Mr. Moore is unlikely to abide by the conditions set by the Court. The Court therefore cannot set conditions that will ensure the financial safety of the community.

IT IS THEREFORE ORDERED:

(1)    Mr. Moore's bond is hereby revoked;

(2)    Mr. Moore shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3)    Mr. Moore shall be afforded reasonable opportunity for private consultation with counsel;

(4)    On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Mr. Moore is confined shall deliver Mr. Moore to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

1    (5)    The Clerk shall direct copies of this Order to counsel for the United States, to

2          counsel for Mr. Moore, to the United States Marshal, and to the United States

3          Pretrial Services Officer.

4    Dated this 21st day of March, 2025.

5

6

7    MICHELLE L. PETERSON
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23