UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>SHANE DONOVAN MOORE,<br><br>　　　　　　　Defendant. | CASE NO. 2:24-cr-00014-TL<br><br>ORDER ON AMENDED MOTION TO COMPEL TREATMENT |

This matter is before the Court on Defendant Shane D. Moore's Amended Motion to Compel Treatment. Dkt. No. 103. Having reviewed the motion, the Government's response (Dkt. No. 107), Defendant's reply (Dkt. No 108), and the relevant record, the Court DENIES Defendant's motion.

Defendant requests the Court "compel FDC to immediately treat his medical conditions by taking him to an ear, nose, and throat doctor (ENT)." Dkt. No. 103 at 1. In the alternative, Defendant requests the Court order his temporary release on April 23, 2025 to see an ENT with

1   whom his family has scheduled an appointment. *Id.* at 2. The Government responds that
2   Defendant's motion should be denied because: (1) he has not exhausted his administrative
3   remedies; and (2) he is already scheduled for a follow-up appointment with an outside ENT for
4   the week of April 28, 2025. Dkt. No. 107 at 1, 2. The Government does not specify the date on
5   which the appointment is scheduled for security purposes. Dkt. No. 107-1 ¶2.

6         The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought
7   with respect to prison conditions under § 1983 of this title, or any other Federal law, by a
8   prisoner confined in any jail, prison, or other correctional facility until such administrative
9   remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The BOP's administrative
10  remedies are set forth in Title 28, Part 542 of the Code of Federal Regulations, and the
11  Government sets forth the procedure in its response. Dkt. No. 107 at 3-4. The Government also
12  submitted an Administrative Remedy Generalized Retrieval report from the BOP SENTRY
13  database that showed Mr. Moore has not filed any request for administrative remedy with the
14  BOP as of April 16, 2025. Dkt. No. 107-2. However, the report does not alleviate the concern the
15  Court has with what grievance procedure is actually available to Mr. Moore. Defense counsel has
16  asserted that Mr. Moore's unit "does not have a functioning grievance system. There are no
17  paper or digital grievance forms." Dkt. No. 86 at 1. Further, the Court is uncertain whether the
18  report captures, for examples, emails an inmate may send requesting assistance. *See* Dkt. No. 85-
19  8 (sealed). While this was presented in Mr. Moore's reply to his original motion to compel (Dkt.
20  No. 81), the Court raised this as a concern at the hearing on that motion, and the Government
21  does not address this particular issue. Therefore, the Court will continue on to addressing
22  Defendant's request.

23        BOP has scheduled an appointment for Defendant with an outside ENT, and that
24  appointment will take place within days of when his family has scheduled an appointment. While

Defendant suffered some serious injuries, his injuries are also healing and resolving (*e.g.*, his medical record dated March 31, 2025 notes "marked decrease in swelling" and the comments note the continued healing of various conditions). Dkt. No. 105 (sealed). Further, BOP's Health Services Administrator provided a sworn declaration that the timing of the appointment made with the outside ENT for Defendant by BOP is medically reasonable and in accordance with proven standards of care. Dkt. No. 107-1 ¶¶ 2, 3. Defendant's reply states that Mr. Moore's symptoms have worsened since the March 31st report and that the FDC has temporarily discontinued his antibiotics and pain medication. Dkt. No. 108 at 3. Defense counsel's declaration states that he has reviewed Mr. Moore's medical records. Dkt. No. 109 ¶2. While this concerns the Court, it is not clear from counsel's declaration if he reviewed records since the March 31st report and, if so, why a copy of those medical records was then not provided to the Court.

Therefore, based upon the information presently before it, the Court DENIES Defendant's motion without prejudice.

Dated this 18th day of April 2025.

Tana Lin
United States District Judge